UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

TIANQI ZHAO,

                        Plaintiff,

-against-                                              1:24-CV-703 (LEK/MJK)

RENSSELAER POLYTECHNIC
INSTITUTE,
                        Defendant.

## MEMORANDUM-DECISION AND ORDER

**I.    INTRODUCTION**

On May 27, 2024, pro se Plaintiff Tianqi Zhao commenced this action against Defendant Rensselaer Polytechnic Institute ("RPI"), alleging a violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000(e)1–3; Dkt. No. 1 ("Complaint"). On August 30, 2024, Defendant moved to dismiss Plaintiff's Complaint and to stay discovery pending the outcome of the motion to dismiss. Dkt. No. 10-1. ("Motion"). Plaintiff filed a response, Dkt. No. 20 ("Response"), and Defendant filed a reply, Dkt. No. 22.

For the reasons that follow, Defendant's motion to dismiss is granted and the motion to stay discovery is denied as moot.

**II.    BACKGROUND**

The following facts are set forth as alleged in the Complaint, as well as the exhibits attached to it, and papers submitted in response to Defendant's Motion.

Plaintiff was a Ph.D. candidate in Defendant's Computer Science doctoral program. Compl. ¶ 3. As part of her enrollment, Plaintiff was awarded tuition remission and an academic stipend. Dkt. No. 20-7 at 1. In her admission letter, Defendant "committed to supporting

[Plaintiff's] academic studies . . . with financial support for up to a total of 4 years." *Id*. Defendant noted, however, that "[a]ll financial support is contingent upon [Plaintiff's] status as a full time student" and "[t]he continuation of [Plaintiff's financial support] is based on an annual review of [Plaintiff's] academic progress and completion of [her] duties." *Id*.

During the 2021-2022 academic year, Plaintiff served as a Teaching Assistant. Resp. at 2. She "was paid by [Defendant] on a bi-weekly basis." *Id.* In March 2022, Plaintiff accepted an externship with IBM through Defendant's Artificial Intelligence Research Collaboration. Dkt. No. 20-6. The externship was to be performed at the direction of IBM, but a stipend was provided by Defendant. *Id*. Her offer letter stated that "[f]inancial support is contingent on satisfactory academic performance in your assistantship duties and compliance with all applicable Rensselaer policies and procedures." *Id.*

On April 27, 2022, Plaintiff was placed on probation. *See* Dkt. No. 20-1 at 1. On May 25, 2022, Plaintiff was placed on interim suspension and instructed to comply with the "Persona Non Grata issued [] by the Department of Public Safety." Dkt. No. 20-5 at 1. Defendant explained that the "disruptive nature of [Plaintiff's] behavior [wa]s escalating," which "constitue[d] a threat of danger to the security, health, or safety of the Rensselaer community." *Id.* On May 27, 2022, Defendant cancelled Plaintiff's externship with IBM. Dkt. No. 20-4. Defendant explained that "[the] interim suspension means, unfortunately, that [Plaintiff is] not in compliance with the policies and procedures" set forth in her externship offer letter. *Id.*; *see also* Dkt. No. 20-6.

Plaintiff posits that this disciplinary action was prompted by "an anonymous complaint for harassment" filed by a staff member at the Defendant's Dean of Students Office or the Student Success Office. Compl. ¶ 8.

2

Defendant then initiated disciplinary proceedings against Plaintiff, which lasted three months. Compl. ¶ 10. "[D]ue to the malicious delay of scheduling a hearing by the Dean of Student[s]," Plaintiff was unable to "keep the IBM extern job," serve as a teaching assistant, or "attend networking events" for jobs in America. Resp. at 2.

Prior to a final determination from the disciplinary proceedings, Plaintiff informed Defendant that she would "quit the Computer Science Ph.D. program," and graduate with a master's degree instead. Dkt. No. 20-3 at 1.

Plaintiff alleges that Defendant discriminated against her on the basis of her race when (1) she was presumed guilty, after the Dean of Students "trust[ed] the complaint filed by a White Caucasian staff," and (2) Defendant intentionally disciplined Plaintiff to "force[] [her] to leave America" because she is a "Chinese citizen." Compl. ¶¶ 14–15.

Plaintiff seeks compensatory damages and to regain access to "normal communications with all the faculty and staff in the Department of Computer Science." Compl. at 3.

### III.   LEGAL STANDARD

To survive a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A court must accept as true the factual allegations contained in a complaint and draw all inferences in favor of a plaintiff. *See Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006). A complaint may be dismissed pursuant to Rule 12(b)(6) only where it appears that there are not "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. Plausibility requires "enough fact[s] to raise a

reasonable expectation that discovery will reveal evidence of [the alleged misconduct]." *Id.* at 556.

The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Supreme Court has stated that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (citing *Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," the pleader has not demonstrated that she is entitled to relief and the action is subject to dismissal. *Id.* at 679.

Where, as here, a plaintiff proceeds pro se, the court must "construe the complaint broadly, and interpret it to raise the strongest arguments that it suggests." *Weixel v. Bd. of Educ. of City of N.Y.*, 287 F.3d 138, 146 (2d Cir. 2002) (cleaned up). Nevertheless, "dismissal of a pro se complaint is…appropriate where a plaintiff has clearly failed to meet the minimum pleading requirements." *Rahman v. Schriro*, 22 F.Supp.3d 305, 310 (S.D.N.Y. 2014) (citing *Rodriguez v. Weprin*, 116 F.3d 62, 65 (2d Cir. 1997)). The Court's "duty to liberally construe a plaintiff's complaint is not the equivalent of a duty to re-write it." *Geldzahler v. N.Y. Med. Coll.*, 663 F. Supp. 2d 379, 387 (S.D.N.Y. 2009) (cleaned up).

When ruling on a Rule 12(b)(6) motion, "a district court must confine its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Leonard F. v. Isr. Disc. Bank of N.Y.*, 199 F.3d 99, 107 (2d Cir. 1999) (internal quotations omitted). However, for pro se plaintiffs, the Court *may* consider "materials outside the complaint to the extent that they are consistent with the allegations in the complaint," *Alsaifullah v. Furco*, No.

4

12-CV-2907, 2013 WL 3972514, at *4 n.3 (S.D.N.Y. Aug. 2, 2013) (internal quotations omitted), including, "documents that a pro se litigant attaches to his opposition papers," *Agu v. Rhea*, No. 09-CV-4732, 2010 WL 5186839, at *4 n.6 (E.D.N.Y. Dec. 15, 2010), "factual allegations made by a pro se party in his papers opposing the motion," *Walker v. Schult*, 717 F.3d 119, 122 n.1 (2d Cir. 2013), and "documents that the plaintiff[ ] either possessed or knew about and upon which [he or she] relied in bringing the suit," *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000). Finally, "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law." *McCall v. Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000).

## IV. DISCUSSION

Defendant moves to dismiss Plaintiff's Complaint in its entirety. First, Defendant argues that Plaintiff's allegations do not give rise to protection under Title VII because her claims are based on her status as a graduate student, not as an employee. Mot. at 5–8. Second, Defendant argues that even if Title VII does apply, Plaintiff fails to state a claim for discrimination because she has failed to plausibly allege discriminatory intent. Mot. at 8–11.

### A. Plaintiff's Employee Status

Defendant argues that Plaintiff cannot bring a claim under Title VII because "all of the actions taken by RPI [were] to address Plaintiff's role as a graduate student," and Title VII protections do not extend to actions beyond the employer-employee relationship. Mot. at 5–8. As a threshold matter, Title VII protections are limited "to actions that affect employment or alter the conditions of the workplace." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 62 (2006)); *see also* 42 U.S.C. § 2000e-2(a). Therefore, "the existence of an employer-employee

5

relationship is a primary element of Title VII claims." *Gulino v. N.Y. State Educ. Dep't*, 460 F.3d 361, 370 (2d Cir. 2006).

When a graduate student brings a claim under Title VII, the Court must determine whether the claimed discrimination relates to the plaintiff's role as a student or as an employee. *See Bucklen v. Rensselaer Polytechnic Inst.*, 166 F. Supp. 2d 721, 725 (N.D.N.Y. 2001). Indeed, graduate students serve a "unique dual role" as both students and employees." *Id.* "[I]n those situations in which a plaintiff is both a 'student' and an 'employee,' courts have looked to the nature of the work that the individual performed, the relationship between the individual and the educational institution, and the focus of the institution's challenged actions to determine if the claims the plaintiff asserts are cognizable under Title VII." *Lachaab v. Zimpher*, No. 15-CV-426, 2016 WL 3172869, at *4 (N.D.N.Y. June 6, 2016). The parameters of Title VII cannot be extended to "encompass purely academic decisions . . . that have only a tangential effect on one's status as an employee." *Id.* (quoting *Bucklen*, 166 F. Supp. 2d at 725).

Whether Plaintiff was an employee during the relevant period or if RPI's reprimands were adverse employment actions require a fact-intensive inquiry. *Tagare v. Nynex Network Sys. Co.*, 994 F. Supp. 149, 153 (S.D.N.Y. 1997) ("[T]he determination of [Plaintiff]'s employment status involves a detailed, fact-intensive inquiry of several factors."); *Ward v. Cohen Media Publications LLC*, No. 22-CV-06431, 2023 WL 5353342, at *5 (S.D.N.Y. Aug. 21, 2023) ("[D]etermining whether a party is an employee or an independent contractor is a fact-intensive inquiry."). However, the Court need not engage in such an inquiry at this juncture. Assuming, without deciding, that Plaintiff is an employee and RPI's actions were adverse employment actions, her Title VII claim still fails because she has not plausibly alleged discriminatory animus on the part of Defendant.

### B. Discriminatory Intent

Plaintiff alleges that the disciplinary actions RPI took against her were motivated by the fact that she is a "Chinese citizen." *See* Compl. ¶¶ 14–15. To make out a claim for employment discrimination under Title VII, Plaintiff must show that RPI discriminated against her on the basis of her race, color, religion, sex, or national origin. *See Buon v. Spindler*, 65 F.4th 64, 78 (2d Cir. 2023). Specifically, at the pleading stage, Plaintiff must plead facts which demonstrate she is "(1) is a member of a protected class, (2) was qualified [for the role], (3) suffered an adverse employment action, and (4) has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Id*. at 79 (cleaned up).

As outlined above in Part IV. A., the Court assumes *arguendo* that Plaintiff is an employee and that RPI's actions constituted adverse employment actions in the instant action. Moreover, Defendant does not appear to dispute that Plaintiff is a member of a protected class and that she was qualified for her role at RPI. *See* Mot. 8–11. Instead, to defeat Plaintiff's claim, RPI avers that Zhao has not sufficiently plead "*any* factual allegations to allow an inference of discrimination." *Id*. at 9 (emphasis added). Thus, the Court will focus on the fourth prong of the analysis: whether Plaintiff has plausibly alleged discriminatory intent. She has not.

"In this Circuit, the '*sine qua non*' of a national origin or race-based discrimination suit is that the 'discrimination must be *because of* [the plaintiff's protected characteristic]." *Buon*, 65 F.4th at 82 (alteration in original) (quoting *Patane v. Clark*, 508 F.3d 106, 112 (2d Cir. 2007)). The words "because of" are important — Title VII requires a showing that "a plaintiff's race . . . was a 'substantial' or 'motivating' factor contributing to the employer's decision to take the [adverse] action." *Vega*, 801 F.3d at 85. The Second Circuit has advised district courts to "be mindful of the 'elusive' nature of intentional discrimination" at the pleading stage because

7

"rarely is there direct, smoking gun, evidence of discrimination." *Id*. at 86 (internal quotations omitted). Thus, Plaintiff need only "give plausible support to a minimal inference of discriminatory motivation." *See Littlejohn v. City of New York*, 795 F.3d 297, 311 (2d Cir. 2015).

Yet Plaintiff's allegations fall woefully below that standard. Here, Plaintiff merely asserts, in conclusory fashion, that Defendant discriminated against her based on her race and national origin. *See* Compl. ¶¶ 13–15. She does not allege any facts suggesting that her suspension, loss of access to campus and internship opportunities, or termination from her Ph.D. program were motivated by her being Asian or Chinese. Instead, Plaintiff's own documents make clear that the adverse actions she experienced arose from complaints about her conduct at RPI and the resulting disciplinary process. *See* Compl. ¶¶ 4–7, 9–12; Dkt. No. 20-1 at 1; Dkt. No. 20-2; Dkt. No. 20-5. Thus, the failure to connect any of Defendant's adverse actions to racial animus is fatal to Plaintiff's claims. *See Soloviev v. Goldstein*, 104 F. Supp. 3d 232, 250 (E.D.N.Y. 2015) (dismissing a Title VII discrimination claim because the events leading up to "[Plaintiff's] discharge indicate[] that his termination was the product of his actions rather than his race . . . or national origin.").

Accordingly, Plaintiff's Title VII claim is dismissed for failure to state a claim upon which relief may be granted. Defendant's Motion is granted.

### C. Motion to Stay Discovery

Because Defendant's motion to dismiss is granted in its entirety, Defendant's motion to stay discovery is denied as moot.

## V. CONCLUSION

Accordingly, it is hereby:

      **ORDERED**, that Defendant's motion to dismiss, Dkt. No. 10, is **GRANTED**; and it is further

      **ORDERED**, that Plaintiff's claims are **DISMISSED without prejudice**; and it is further

      **ORDERED**, that Defendant's motion to stay discovery, Dkt. No. 10, is **DENIED as moot**; and it is further

      **ORERED**, that the Clerk close this action; and it is further

      **ORDERED**, the Clerk serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules.

      **IT IS SO ORDERED.**

DATED:    August 13, 2025
              Albany, New York

*[signature]*

LAWRENCE E. KAHN
United States District Judge